## Case No. 14,962.

UNITED STATES v. DISTILLERY AT SPRING VALLEY.

[8 Ben. 473;[1] 22 Int. Rev. Rec. 218.]

District Court, S. D. New York. June, 1876.

INTERNAL REVENUE — FORFEITURE — CONNIVANCE OF STOREKEEPER.

The connivance of a government storekeeper in charge of a distillery, with the person who runs the distillery, will not have the effect to destroy the forfeiture of the property resulting from the acts of such person under the internal revenue acts of 1864, 1866, 1868, and 1872 (13 Stat. 240; 14 Stat. 111; 15 Stat. 59, 132, 134; 17 Stat. 240).

A suit was brought by the United States to forfeit this property for alleged violation of the internal revenue acts, and, under the charge of the district court, the jury found a verdict against the government. The judgment was, however, reversed by the circuit court, on writ of error (see [Case No. 14,963]), and the case came before this court for a second trial, at which the claimant maintained, that, as it now appeared that the frauds upon the

revenue, charged to have been committed by the person who was running the distillery, were committed with the connivance of the government storekeeper in charge of the distillery, the forfeiture of the property could not be enforced.

R. M. Sherman, Asst. U. S. Dist. Atty.

Geo. Ticknor Curtis, for claimant.

BLATCHFORD, District Judge. If the decision of the circuit court in this case [Case No. 14,963] is a correct exposition of the law, I do not see how the connivance and complicity of the government storekeeper in the fraud committed by the person who ran the distillery, can operate to destroy the forfeiture resulting from the acts of such person. The person who carried on the business of a distiller with intent to defraud the United States of the tax on the spirits distilled by him, did not any the less carry on such business with such intent, because he did not commit his fraud secretly, but had for a participant in it the government storekeeper. I think, therefore, there must be a decree for the United States, because I think the decision of the circuit court in this case, above cited, covers, substantially, every question now presented.